[No. 7948.    Department Two.    January 8, 1910.]

# H. D. Boyes, *Appellant*, v. Turk Mining Company *et al.*, *Respondents*.[1]

Corporations—Insolvency—Assets—Purchase by Stockholders —Fraudulent Conveyances. Part of the stockholders of an insolvent corporation may, as individuals, subscribe a fund with which to purchase the corporate assets upon the foreclosure of a *bona fide* mortgage thereon, where the stock was nonassessable and other stockholders would not raise funds by a *pro rata* voluntary assessment; and such transaction is not a fraud on creditors where the property was openly and fairly purchased at a public execution sale.

Same—Trust Fund—Rights of Creditors. That the assets of an insolvent corporation constitute a trust fund for the benefit of creditors does not affect the validity of a foreclosure sale under a mortgage given by the corporation. before insolvency.

Mortgages—Foreclosure—Vacation of Sale—Estoppel—Satisfaction as Equitable Assignment—Equity—Doing Equity. A judgment creditor of an insolvent corporation, who stood by and permitted a purchaser to acquire its rights and thereafter expend money in improvements, cannot ask the vacation of a foreclosure sale under a prior *bona fide* mortgage, so as to establish a prior lien in his favor, without offering to pay the mortgage; since the mortgage would continue as a valid lien equitably assigned to the purchaser at the foreclosure sale, which sale would not satisfy the mortgage.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered July 3, 1908, dismissing, on the merits, an action to set aside a mortgage foreclosure sale, as a fraud upon creditors, after a trial before the court without a jury. Affirmed.

*H. N. Martin* and *Jesseph & Grinstead*, for appellant.

*Kenyon & Setters*, for respondents.

Crow, J.—On May 5, 1906, H. D. Boyes obtained a judgment in the superior court of Stevens county against the Turk Mining Company, a corporation, for $1,280.95, and costs. Afterwards he caused an execution to be issued and

[1]Reported in 106 Pac. 475.

levied on real estate, consisting of certain mining claims and
the improvements thereon, but made no sale.   The mining
claims having been sold on April 14, 1906, by the sheriff of
Stevens county, to Henry Carstens and C. H. Blake, in
certain foreclosure proceedings, Boyes, on November 10,
1906, commenced this equitable action against the Turk
Mining Company, Henry Carstens, C. H. Blake, and others,
to set aside the foreclosure sale as fraudulent and void, and to
establish a lien on the property to secure his judgment.
From an order of dismissal he has appealed to this court.

From the evidence it appears that on October 12, 1905,
the Turk Mining Company, being indebted to the Lincoln
County State Bank in the sum of $7,859.94, executed and
delivered to the bank its note and mortgage deed; that the
mining company was unable to pay the note when due; that
certain of its stockholders thereupon agreed among them-
selves to raise a fund by individual subscription, and deposit
it with the bank in the names of Henry Carstens and C. H.
Blake; that the bank was to foreclose its mortgage; that
Carstens and Blake were to purchase the property at the
foreclosure sale, using the subscription fund for that pur-
pose; that a new mining company was to be then organized
in which stock was to be issued to the subscribers in propor-
tion to their several subscriptions; that Carstens and Blake
were to convey the property to the new company, and that
this plan had been fully consummated before the commence-
ment of this action, except that the conveyance to the new
mining company was made thereafter.

The appellant contends that the agreement by certain
stockholders to raise the subscription fund was made for the
benefit of the Turk Mining Company, and that the foreclosure
and sale were conducted in pursuance of a fraudulent and
collusive design to illegally divert the assets of the company
and prevent the appellant from collecting his claim.   The
trial court found that the foreclosure proceedings had been
prosecuted in good faith, that no fraud was proven, and that

the appellant was not entitled to any relief. No good purpose would be subserved by stating in detail all the evidence upon which these findings were made. We conclude that it is sufficient to sustain them and to support the final judgment of dismissal. Appellant's attorney on the trial stated that he did not question the validity of the mortgage, but contended that it was foreclosed for the sole purpose of evading the payment of his claim, and that the mortgage had in fact been paid by the Turk Mining Company before it was foreclosed. He utterly failed to produce sufficient evidence to sustain these contentions. It appeared from the evidence that the stock of the Turk Mining Company was nonassessable; that the stockholders as such either could not or would not raise funds by a voluntary *pro rata* assessment sufficient to pay the bank and release the mortgage; that the fund actually raised did not belong to the mining company, but was subscribed by certain individuals in their personal capacity, although some or possibly all of them happened to be stockholders; that the mortgage was foreclosed and that the property was openly and fairly purchased at a public execution sale by Carstens and Blake as trustees for the subscribers.

Appellant, in substance, insists that the Turk Mining Company was insolvent; that the assets of an insolvent corporation constitute a trust fund for the payment of all of its creditors, and that the scheme in pursuance of which the mortgage was foreclosed was fraudulent in that it unlawfully diverted the assets of an insolvent corporation for the benefit of its stockholders, and prevented the payment of its just debts. The trust fund theory stated by appellant has been repeatedly announced by this court and cannot be questioned. It has, however, no bearing upon the facts of this case. Appellant on the trial admitted that the mortgage had been given for a legal consideration, and made no attack on its validity. It did not appear that the corporation was insolvent when the mortgage was given. In fact, the indica-

tions were to the contrary. Subsequent insolvency would not destroy the validity and priority of the claim and lien of the bank. It was entitled to foreclose, and did so in good faith and regular form. Carstens and Blake purchased at the foreclosure sale with the fund raised by personal subscription, in and to which the Turk Mining Company had no claim. No sufficient reason appears for disturbing their title or that of their vendee. The subscribers were under no personal legal obligation to pay the mortgaged debt on behalf of the mining company, nor did they intend to do so with the fund which they raised. Appellant stood by and with full knowledge permitted the new company to acquire its rights and thereafter expend money and labor in the development of the mining claims. He has made no offer to do equity by refunding the money thus advanced, and taking an assignment of the mortgage. He merely attacks the foreclosure proceedings as fraudulent and collusive, but fails to sustain his allegations of fraud. Were the foreclosure sale to be vacated, the mortgage would continue as a valid and subsisting lien prior to appellant's judgment, equitably assigned to the new mining company as successor in interest to the subscribers who advanced the fund with which Carstens and Blake made the purchase. But appellant seeks to have the sale vacated and his judgment decreed to be the first and only lien, upon the theory that the mortgage has been satisfied. The evidence fails to sustain any such theory, and is also insufficient to show fraud.

The judgment is affirmed.

RUDKIN, C. J., PARKER, MOUNT, and DUNBAR, JJ., concur.